# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN and LYNN STANISLAWSKI,
d/b/a NORTHLAND OAK FRAMES,

        Plaintiffs,

ACUITY MUTUAL INSURANCE CO.,

        Intervener Plaintiff,

v.                                                           Case No. 03-C-1022
                                                              (consolidated with
                                                              Case No. 04-C-516)

KARLA JORDAN and STUDIO DESIGNS
OF WISCONSIN, INC.,

        Defendants,

_____

KARLA JORDAN and STUDIO DESIGNS
OF WISCONSIN, INC.,

        Counterclaimants,

v.

JOHN and LYNN STANISLAWSKI,
d/b/a NORTHLAND OAK FRAMES,

        Counterdefendants,

_____

1

**STUDIO DESIGNS OF WISCONSIN, INC.**

                **Plaintiff,**

v.

**JOHN STANISLAWSKI, LYNN STANISLAWSKI, CATHERINE A. YOUNG, WADE MATTICE, and BRUCE MARTIN,**

                **Defendants,**

v.

**WEST BEND MUTUAL INSURANCE COMPANY,**

                **Intervener-Defendant,**

_____

**BRUCE MARTIN,**

                **Counterclaimant,**

v.

**STUDIO DESIGNS OF WISCONSIN, INC.,**

                **Counterdefendant.**

## DECISION AND ORDER

Two motions for summary judgment are pending before this Court. One motion was filed by Acuity Mutual Insurance Company ("Acuity"), in which it seeks a declaratory judgment concerning an insurance policy it issued to Studio Designs of Wisconsin ("Studio

Designs"). The other motion for summary judgment was filed by West Bend Mutual Insurance Company ("West Bend") concerning an insurance policy it issued to John and Lynn Stanislawski (the "Stanislawskis"). The Court will address each motion for summary judgment separately.

I.  Acuity's Motion for Summary Judgment

    A.  Background

The Stanislawskis are in the business of designing, manufacturing, and selling decorative wood picture frames under the trade name Northland Oak Frames. The Stanislawskis' frames are typically sold at specialty craft stores, craft fairs and through other craft and gift retail outlets. On October 20, 2003, the Stanislawskis filed a complaint against Karla Jordan ("Jordan") and her business Studio Designs, which owns and operates kiosks in shopping malls. The Stanislawskis' complaint alleges that Studio Designs copied and sold reproductions of the Stanislawskis' original frame designs without the Stanislawskis' consent.

According to the Stanislawskis' complaint, in the summer of 2002, the Stanislawskis entered into an oral agreement with Jordan whereby Studio Designs would purchase the Stanislawskis' frames at a reduced price and then arrange to have the frames sold at various locations. (Stanislawskis' Complaint ¶¶ 20-21.) As part of this agreement, Studio Designs consented to limit those venues at which Studio Designs or its customers could sell the frames in order to avoid any interference with pre-existing relationships between the

3

Stanislawskis and other craft stores and fairs. (*Id.* at ¶ 21.) Studio Designs placed kiosks of Stanislawskis' work in seven malls during the Christmas season of 2002, which generated satisfactory revenues for both Studio Designs and the Stanislawskis. (*Id.* at ¶ 22.) Studio Designs and the Stanislawskis agreed to continue the kiosk program in 2003. (*Id.* at ¶ 23.)

The business arrangement broke down, though, in the summer of 2003, when the Stanislawskis alleged that Studio Designs began copying, reproducing, and selling copies of the Stanislawskis' original frame designs without their consent. (*Id.* at ¶¶ 24-26.) As a result, the Stanislawskis filed a complaint in federal district court on October 20, 2003, alleging both federal and state claims arising out of Studio Designs' purported unlawful advertisement and sale of protected, proprietary picture frame designs. The Stanislawskis' complaint does not state when the alleged violations occurred.

Acuity, which issued a Commercial General Liability Policy (the "Acuity Policy") to Studio Designs intervened in this action and seeks a declaratory judgment that Acuity has no obligation to defend or indemnify Studio Designs. This Court stayed all proceedings on liability until the issue of insurance coverage was resolved.

The Acuity Policy covers "personal and advertising" injuries that occurred between May 15, 2002, and May 15, 2003 (the "Policy Period"). (Acuity's Proposed Finding of Fact ("APFOF") ¶ 10.) The Acuity Policy excludes coverage for damages that were caused "with the knowledge that the act would violate the rights of another and would inflict personal and advertising injury." (*Id.* at ¶ 14.)

4

On November 1, 2004, Acuity filed a motion for summary judgment. Acuity argues that the Stanislawskis' complaint never alleged that an injury occurred during the Policy Period. Studio Designs responded to Acuity's motion with a letter addressed to the Court, in which Studio Designs announced that it will "take no position on Acuity's motion . . . ." Studio Designs claimed that if the Court grants Acuity's motion, the Court will create a finding of fact that no injury occurred prior to May 15, 2003. By so doing, according to Studio Designs, the Stanislawskis would be unable to posit evidence of any injury prior to that date.

The Stanislawskis responded to Acuity's motion, arguing that, without discovery, they do not know exactly when Studio Designs allegedly copied and reproduced their frames. Thus, while they take no position as to whether Acuity must indemnify or defend Studio Designs, they oppose the notion that the Court must make a factual finding that no injuries or illicit acts occurred prior to May 15, 2003.

B.  Discussion

Under Wisconsin law, which governs this case, an insurer's duty to defend is predicated solely on the allegations within the four corners of the complaint. *See Gen. Cas. Co. of Wis. v. Hills*, 209 Wis.2d 167, 176 (1997). If there is any doubt regarding the duty to defend, it must be resolved in favor of the insured. *See Elliot v. Donahue*, 169 Wis.2d 310, 321 (1992). The duty to defend, then, is necessarily broader than the duty to indemnify

5

because the duty to defend is "triggered by arguable, as opposed to actual, coverage." *Fireman's Fund Ins. Co. of Wis. v. Bradley Corp*, 261 Wis.2d 4, 19 (2003).

Acuity argues that it does not have a duty to defend or indemnify because none of the alleged offenses occurred during the Policy Period. The Policy Period was from May 15, 2002, to May 15, 2003. The Stanislawskis' complaint does not specifically allege injuries or illicit acts during the Policy Period. Therefore, according to Acuity, it does not have a duty to defend.

The Court disagrees. The Stanislawskis' complaint alleges that Studio Designs and the Stanislawsis began their business relationship in 2002, and that, at an unspecified time, "unknown" to the Stanislawskis, Studio Designs was "copying, reproducing and selling reproductions" of the Stanislawskis' frames. Because Studio Designs began receiving Stanislawskis' frames in 2002, it is certainly possible, according to the allegations in the complaint, that Studio Designs was copying and selling reproductions of those frames prior to May 15, 2003. Given that any doubt regarding the duty to defend must be resolved in favor of the insured, *see Elliot*, 169 Wis.2d at 321, Acuity is required to defend Studio Designs at this time. Furthermore, whether Acuity has a duty to indemnify will depend on the facts that will be revealed after discovery is conducted. *See Hills*, 209 Wis.2d at 176 n.11. Accordingly, Acuity's motion for summary judgment must be denied.

II.   West Bend's Motion for Summary Judgment

   A.   Background

Six months after the Stanislawskis commenced their copyright infringement action in federal court, Studio Designs filed a separate action against the Stanislawskis in Milwaukee County Circuit Court ("Studio Designs' complaint").[1] On May 28, 2004, Studio Designs' case against the Stanislawskis was removed to federal court, which, on August 9, 2004, was consolidated with the Stanislawskis' copyright infringement action.

Studio Designs' complaint alleges that the Stanislawskis made verbal threats and sent letters to art and craft show promoters that have damaged Studio Designs' business. Specifically, Studio Designs' complaint avers:

> 14.   That on August 14, 2003 . . . John Stanislawski . . . verbally threatened Plaintiff and Karla Jordan that he would "take them down" and would contact art and craft show promoters in an attempt to destroy her business of selling artful and fanciful picture frames.
>
> 15.   That beginning in August 2003, the [Stanislawskis] . . . anonymously forwarded letters to various craft show promoters and organizers, erroneously alleging that Plaintiff and Karla Jordan were "manufacturer's distributors," and did not design or create Plaintiff's artful and fanciful picture frames . . . .
>
> 22.   That sometime after August 2003 [the Stanislawskis] . . . forwarded a second letter to art and craft show promoters . . . erroneously alleging that Plaintiff and Jordan have infringed Stanislawsis copyrights, and that neither Plaintiff nor Jordan design or create artful and fanciful picture frames.

---

[1] Studio Designs' complaint also made allegations against Catherine Young, Wade Mattice, and Bruce Martin.

Studio Designs' complaint alleges causes of action for injury to a business, in violation of Wis. Stat. § 134.01, tortuous interference with a business relationship, and punitive damages. (Studio Designs' Complaint ¶¶ 29-36).

The Stanislawskis are insured by West Bend, who issued the Stanislawskis a Commercial General Liability Policy (the "West Bend Policy.") West Bend has both a duty to defend and indemnify those claims against the Stanislawskis that allege a "personal and advertising injury." (Leavell Aff. ¶ 2, Ex. 1.) "Personal and advertising injury" is defined in the West Bend Policy as including an injury that arises out of "[o]ral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services." (*Id.*) The West Bend Policy excludes coverage, though, if the injury was inflicted by the Stanislawskis "with the knowledge that the act would violate the rights of another," if the Stanislawskis published statements that they knew were false, or if the Stanislawskis' statements were a "criminal act." (*Id.*)

West Bend intervened in this action and seeks a declaratory judgment that it does not have a duty to defend or indemnify the Stanislawskis. West Bend's motion for summary judgment is now pending before this Court.

B.  Discussion

As discussed above, an insurer's duty to defend is based entirely on the contents of the complaint. *Hills*, 209 Wis.2d at 176. West Bend argues that the complaint does not allege a legal claim that the West Bend Policy covers. Studio Designs' complaint against the

8

Stanislawskis alleges an injury to a business, in violation of Wis. Stat. § 134.01, and tortuous interference with a business relationship. The West Bend Policy, though, covers claims of "slander" and "libel" or those claims that allege the Stanislawskis "disparage[d] a person's or organization's goods, products or services." (Leavell Aff. ¶ 2, Ex. 1.) Because Studio Designs' complaint does not allege a legal theory specifically covered in the West Bend Policy, West Bend argues that it does not have a duty to defend.

The case law does not support West Bend's position. The complaint need not allege a legal theory by name, so long as the conduct alleged "is at least arguably within one or more of the categories of wrongdoing that the policy covers." *Curtis-Universal Incorp. v. Sheboygan Emergency Medical Svcs., Inc.*, 43 F.3d 1119, 1122 (7th Cir. 1994). Thus, as long as Studio Designs alleges conduct that arguably could be "slander," "libel," or "disparag[ing] a person's or organization's goods, products or services," then West Bend would have a duty to defend the Stanislawskis in this lawsuit.

Studio Designs' complaint avers that the Stanislawskis sent letters to craft show promoters "erroneously alleging" that Studio Designs did not design or create their own frames. (Studio Designs' Complaint ¶ 15.) The complaint also alleges that the Stanislawskis "erroneously" declared to the craft show promoters that Studio Designs infringed the Stanislawskis copyright. (*Id*. at ¶ 22.) Although the complaint does not use the legal labels of slander, libel or disparagement, it plainly alleges that the Stanislawskis published material

9

that, at least from Studio Designs' perspective, was disparaging. Accordingly, the complaint alleges a "personal and advertising" injury contemplated by the policy.

Nevertheless, West Bend argues that even if Studio Designs' complaint alleges a "personal and advertising" injury, the West Bend Policy's exclusions preclude West Bend's duty to defend. Specifically, West Bend contends that the allegations against the Stanislawskis are excluded from coverage because they acted "with knowledge that the act would violate the rights of another," that the Stanislawskis statements were made "with knowledge of its falsity," and that they committed a "criminal act."

West Bend has the burden of demonstrating that a policy exclusion is applicable. *See Fernandez v. Strand*, 63 F. Supp.2d 949, 953 (E.D. Wis. 1999) (applying Wisconsin law). Ambiguities in the policy language will be read in favor of the Stanislawskis. *See Cardinal v. Leader Nat'l Ins. Co.*, 166 Wis.2d 375, 382 (1992).

While certainly portions of Studio Designs' complaint allege that the Stanislawskis acted "maliciously" and "with an intentional disregard for Plaintiff's rights," (Studio Designs' Complaint ¶ 36), other portions of the complaint allege that the Stanislawskis were merely "erroneous" in their statements. (*Id.* at ¶¶ 15, 22.) It is possible, based on the allegations in the complaint, that the Stanislawskis could be liable for tortuous interference with contractual relations by failing to exercise due care to make sure their statements about Studio Designs were accurate. In other words, it is possible that the Stanislawskis could be found to disparage Studio Designs' business without a finding that they acted "with

10

knowledge" that their statements were false or that their acts were somehow criminal. Given that any doubts about coverage must be construed in favor of the insured, *Elliot*, 169 Wis.2d at 321, West Bend is obliged to defend the Stanislawskis based on what is known at this point in the litigation.

Like with Acuity, whether West Bend has a duty to indemnify the Stanislawskis is yet to be seen. Further discovery, as litigation proceeds in this action, may shed light on that question. Certainly, though, at this time, West Bend cannot avoid its duty to defend the Stanislawskis. Accordingly, West Bend's motion for summary judgment must be denied.

III. Scheduling of Litigation

On August 9, 2004, this Court ordered a stay of all proceedings. The Court hereby lifts the stay, and will conduct a telephonic conference to schedule the remainder of this litigation.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Acuity's Motion for Summary Judgment (Docket No. 56) is **DENIED**.

West Bend's Motion for Summary Judgment (Docket No. 72) is **DENIED**.

The stay this Court imposed is hereby **LIFTED**. Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **April 25, 2006,** at **10:30 a.m** (Central Time). The Court will initiate the call.

The purpose of the conference call will be to establish a Scheduling Order which will limit the time:

1. to join other parties and to amend the pleadings;

2. to file and hear motions;

3. to complete discovery; and

4. to disclose experts.

The Scheduling Order may also include:

5. the date or dates for subsequent Rule 16 conferences, a final pretrial conference and trial; and

6. any other matters appropriate in the circumstances of the case.

The time limitations set forth in the Scheduling Order shall not be modified except upon showing of good cause and by leave of the Court. Fed. R. Civ. P. 16(b)(6).

Special attention should be given to Rule 26(f), which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone. Rule 26 also mandates that the parties, within fourteen (14) days of their conference: (1) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (2) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in subsections (1)-(4) of Rule

12

26(f), the Court requests that the proposed discovery plan submitted by the parties include a very brief statement of the nature of the case, lasting no more than several sentences.

Dated at Milwaukee, Wisconsin this 28th day of February, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**