## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**JOHN and LYNN STANISLAWSKI,**
**d/b/a NORTHLAND FRAMES,**

                    Plaintiffs,

**ACUITY MUTUAL INSURANCE CO.,**

                      Intervenor Plaintiff,

                                            **Case Nos. 03-C-1022**
                                                               04-C-516

       -vs-

**KARLA JORDAN and**
**STUDIO DESIGNS OF WISCONSIN, Inc.,**

                      Defendants.
-------------------------------------------------------------
**KARLA JORDAN and**
**STUDIO DESIGNS OF WISCONSIN, Inc.,**

                      Counterclaimants,

       -vs-

**JOHN and LYNN STANISLAWSKI,**
**d/b/a NORTHLAND FRAMES,**

                      Counterdefendants.
-------------------------------------------------------------

---------------------------------------------------------
**STUDIO DESIGNS OF WISCONSIN, Inc.**,

                       Plaintiff,

        **-vs-**

**JOHN STANISLAWSKI, LYNN STANISLAWSKI, CATHERINE A. YOUNG, WADE MATTICE, and BRUCE MARTIN,**

                       Defendants,
        and

**WEST BEND MUTUAL INSURANCE Co.,**

                       Intervenor Defendant.
---------------------------------------------------------
**BRUCE MARTIN**,

                       Counterclaimant,

        **-vs-**

**STUDIO DESIGNS OF WISCONSIN, Inc.**,

                       Counterdefendant.

## DECISION AND ORDER

In 2003, John and Lynn Stanislawski (the "Stanislawskis") (d/b/a Northland Oak Frames) brought this action alleging copyright and Lanham Act violations against Karla Jordan ("Jordan") and her company, Studio Designs of Wisconsin ("Studio Designs"). The Stanislawskis claim that Studio Designs copied and sold reproductions of their original wood

picture frame designs. Studio Designs brought a separate action in Milwaukee County Circuit Court alleging claims against the Stanislawskis, Catherine Young ("Young"), Wade Mattice ("Mattice") and Bruce Martin ("Martin"). The state matter was removed to federal court and the two cases were consolidated. (Docket No. 24).

On September 23, 2004, the Court issued an order which purported to enjoin Jordan and/or Studio Designs from making, distributing or selling certain decorative wood picture frames substantially similar to those copyrighted by the Stanislawskis. (Docket No. 45). However, the injunction never went into effect because the Stanislawskis failed (and apparently could not afford) to post the appropriate bond. (Docket Nos. 48, 66). Subsequent settlement efforts through mediation were unsuccessful. (Docket Nos. 80, 87). In July 2007, the Court entered a scheduling order, setting a trial to begin the week of February 2, 2009.

On September 19, 2007, Jordan and Studio Designs filed an amended complaint alleging claims against the Stanislawskis, Young, Mattice and Martin. (Docket No. 93). The amended complaint alleges conspiracy to commit statutory injury to business pursuant to Wis. Stat. § 134.01. Young, Mattice and Martin move to dismiss this claim for failure to meet the heightened pleading standards of Fed. R. Civ. P. 9(b).

The amended complaint also alleges tortious interference with actual and prospective business relationships. Young, Mattice and Martin move to dismiss these claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## I. Civil Conspiracy

Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." While the conspiracy claim is not a claim for fraud, a claim such as civil conspiracy that "'sounds in fraud' – in other words, one that is premised upon a course of fraudulent conduct – can implicate Rule 9(b)'s heightened pleading requirements." *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (quoting *Rombach v. Chang*, 355 F.3d 164, 170-71 (2d Cir. 2004).

The amended complaint alleges generally that the Stanislawskis, along with Young, Mattice and Martin (referred to as the Northwoods parties) acted in concert to injure, damage and disrupt the business and trade of Studio Designs. With respect to fraud, the amended complaint alleges that the Stanislawskis, Mattice and Young forwarded a letter to art and craft show promoters "erroneously and falsely alleging that [Studio] Designs has infringed Stanislawski's copyrights, and that neither Studio Designs nor Jordan design or create artful and fanciful picture frames or other products which they sell." (Docket No. 93, Amended Complaint, ¶ 19).

The amended complaint also alleges that Mattice, Young and Martin complained to promoters at a crafts show in April 2004 that certain craft designers who work for Studio Designs did not make the picture frames they were attempting to sell. (Amended Complaint, ¶ 23). The amended complaint further alleges that the Stanislawskis sent copies of this Court's September 23, 2004 Decision and Order granting their request for a preliminary injunction, along with a letter which falsely implies that the injunction is still in effect.

-4-

(Amended Complaint, ¶ 28). Taken together, these allegations establish that the conspiracy claim "sounds in fraud" and is subject to Rule 9(b)'s heightened pleading standards.

In Wisconsin, a civil conspiracy claim is derived from Wis. Stat. § 134.01. *See Allen & O'Hara, Inc. v. Barrett Wrecking, Inc.*, 898 F.2d 512, 516 (7th Cir. 1990). A plaintiff alleging conspiracy must allege the following: (1) the formation and operation of the conspiracy; (2) a wrongful act or acts done pursuant thereto; and (3) damage resulting from such act or acts. *See Onderdonk v. Lamb*, 79 Wis. 2d 241, 247, 255 N.W.2d 507 (1977). To satisfy Rule 9(b), the allegations must describe the nature of the agreement to defraud. "Rule 9(b) requires that facts such as the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff be alleged in detail." *Borsellino*, 477 F.3d at 509 (quoting *Hefferman v. Bass*, 467 F.3d 596, 601 (7th Cir. 2006)). Rule 9(b) particularity "means the who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

The conspiracy allegations – at least with respect to Mattice, Young and/or Martin – are vague and unspecific. There are no specific allegations which implicate Mattice, Young, and/or Martin in any sort of conspiracy to injure Studio Designs' business. For example, the allegation that Mattice, Young, and the Stanislawskis forwarded letters to art show promoters claiming that Studio Designs infringed the Stanislawskis' copyright does not specifically state when the letters were sent (other than sometime after August 2003) and does not detail the art show promoters to whom the letters were sent. (Amended Complaint, ¶ 19). Other

allegations are more specific but are completely unrelated to Studio Designs' purported injuries. (Amended Complaint, ¶¶ 20-21, ¶¶ 23-24 [injuries to independent contractor]). Moreover, Studio Designs cannot rely upon discovery responses to remedy the shortcomings in its complaint. *See, e.g., Miller v. Gain Financial*, 995 F.2d 706, 709 (7th Cir. 1993) (plaintiff cannot rely on affidavits to support pleading with particularity requirements because affidavits are not formal pleadings).

Therefore, the Court will grant Young, Mattice and Martin's motion to dismiss Studio Designs' conspiracy claim.

## II.     Interference claims

Young, Mattice and Martin also move to dismiss the interference claims under Rule 12(b)(6). To survive a motion to dismiss for failure to state a claim, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S. Ct. 1955, 1965 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65.

To state an interference claim, the following elements must be alleged: (1) plaintiff had an actual or prospective contractual relationship with a third party, (2) knowledge by the defendant of the existence of the relationship, (3) intentional acts on the part of the defendant

-6-

to disrupt the relationship, (4) actual disruption of the relationship, and (5) damages to the plaintiff caused by those acts. *See Anderson v. Regents of University of California*, 203 Wis. 2d 469, 490, 554 N.W.2d 509 (Ct. App. 1996); *Hoey v. Outdoor Adver., Inc. v. Ricci*, 2002 WI App 231, ¶ 27, 256 Wis. 2d 347, 653 N.W.2d 763.

Movants argue that the interference claims should be dismissed because they fail to plead the existence of an actual or prospective contractual relationship. However, the allegations at paragraphs 19-26 – including the allegation that "several distributors have quit their association with Ms. Jordan and/or Studio Designs" as a "direct result of these threats and harassments"(¶ 26) – are sufficient for purposes of notice pleading. Movants cite Karla Jordan's October 5, 2004 Affidavit (Docket No. 46-2), suggesting that Studio Designs only used independent contractors.[1] Jordan's affidavit is too vague to preclude the possibility that Studio Designs entered into (or hoped to enter into) contractual relationships with at least some of their distributors. Also, it is not entirely clear that the exclusive use of independent contractors would preclude an interference claim as a matter of law. *See, e.g., Curtis 1000, Inc. v. Suess*, 24 F.3d 941, 944-45 (7th Cir. 1994) (tort of intentional interference with advantageous business relations no longer requires that relation interfered with be one embodied in formal contract).

Therefore, the Court will not dismiss the interference claims against Young, Mattice or Martin at this time.

---

[1] Consideration of Jordan's affidavit does not convert this motion into a motion for summary judgment. *See, e.g., Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000) (district court may take judicial notice of matters of public record without converting 12(b)(6) motion into a motion for summary judgment).

-7-

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. The motions to dismiss the amended complaint [Docket Nos. 94, 95] are **GRANTED-IN-PART** and **DENIED-IN-PART**, consistent with the foregoing opinion; and

2. The first claim in the amended complaint [conspiracy to commit statutory injury to business] is **DISMISSED** with respect to Young, Mattice and Martin.

Dated at Milwaukee, Wisconsin, this 15th day of January, 2008.

           **SO ORDERED,**

           **s/ Rudolph T. Randa**
           **HON. RUDOLPH T. RANDA**
           **Chief Judge**